UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NOVETIA WARE, | CASE NO. 1:16CV2375 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| NANCY A. BERRYHILL[1], ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Plaintiff Novetia Ware ("Plaintiff") requests judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") denying her application for Supplemental Security Income ("SSI"). ECF Dkt. #1. In her brief on the merits, filed on January 11, 2017, Plaintiff asserts that the administrative law judge's ("ALJ") decision: (1) violated the treating physician rule; and (2) is not supported by substantial evidence. ECF Dkt. #11. Defendant filed a response brief on February 10, 2017. ECF Dkt. #12. Plaintiff did not file a reply brief.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

## I. PROCEDURAL HISTORY

In March 2011, Plaintiff filed an application for SSI alleging disability beginning on January 1, 2009. ECF Dkt. #9 ("Tr.") at 231.[2] Plaintiff's claim was denied initially and upon reconsideration. *Id.* at 120. Subsequently, Plaintiff requested a hearing, which was held on February 2, 2013. *Id.* at 37. On April 29, 2013, the ALJ denied Plaintiff's application for SSI. *Id.* at

---

[1] On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

[2] All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than the page numbers assigned when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

117. Plaintiff objected to the ALJ's decision and appealed to the Appeals Council, which remanded Plaintiff's case to the ALJ on August 14, 2014. *Id.* at 137. Upon remand, the ALJ held another hearing on March 4, 2015, and subsequently issued an unfavorable decision on April 9, 2015. *Id.* at 13, 70. Plaintiff appealed the ALJ's decision issued on April 9, 2015, and the Appeals Council denied her request for review. *Id.* at 1. Accordingly, the decision issued by the ALJ on April 9, 2015, stands as the final decision.

On September 27, 2016, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. Plaintiff filed a brief on the merits on January 11, 2017. ECF Dkt. #11. Defendant filed a response brief on February 10, 2017. ECF Dkt. #12. Plaintiff did not file a reply brief.

## II. **RELEVANT PORTIONS OF THE ALJ'S DECISION**

In the decision, the ALJ indicated that Plaintiff had not engaged in substantial gainful activity since March 28, 2011, the date of her application. Tr. at 18. Continuing, the ALJ determined that Plaintiff had the following severe impairments: degenerative joint disease of the right knee; bilateral carpal tunnel syndrome; and obesity. *Id.* The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 23.

After consideration of the record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), with the following additional limitations: frequent bilateral pushing and pulling, but not repetitively; frequent bilateral handling and fingering, but not repetitively; no crawling, crouching, or kneeling; and no climbing ladders, ropes, or scaffolds. Tr. at 23.

Following the RFC finding, the ALJ stated that Plaintiff had no past relevant work. Tr. at 28. The ALJ indicated that Plaintiff was a younger individual on the date her application was filed, and that she subsequently changed age category to closely approaching advanced age. *Id.* Next, the ALJ noted that Plaintiff had at least a high school education, was able to communicate in English, and that the transferability of job skills was not an issue because she had no past relevant work. *Id.* Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that jobs existed in significant numbers in the national economy that Plaintiff could perform. *Id.* Based on

the above, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, since March 28, 2011, the date her application was filed. *Id.* at 29.

### III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by §205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (internal citations omitted).

## V. LAW AND ANALYSIS

### A. Treating Physician Rule

Plaintiff first asserts that the ALJ failed to assign appropriate weight to the opinion of her treating physician, Billy L. Brown, M.D. ECF Dkt. #11 at 9. An ALJ must give controlling weight to the opinion of a treating source if the ALJ finds that the opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with the other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If an ALJ decides to discount or reject a treating physician's opinion, he or she must provide "good reasons" for doing so. Social Security Rule ("SSR") 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how her case is determined, especially when she knows that her treating physician has deemed her disabled and she may therefore "be bewildered when told by an administrative bureaucracy that [s]he is not, unless some reason for the agency's decision is supplied." *Wilson,* 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Further, it "ensures that the ALJ applies

-4-

the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he or she rejected or discounted the opinions and how those reasons affected the weight afforded to the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243 (citing *Wilson*, 378 F.3d at 544).

The Sixth Circuit has noted that, "while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason' rule." *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir. 2010). The Sixth Circuit has held that an ALJ's failure to identify the reasons for discounting opinions, "and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Parks v. Social Sec. Admin.*, 413 Fed.Appx. 856, 864 (6th Cir. 2011) (quoting *Rogers*, 486 F.3d at 243 ). However, an ALJ need not discuss every piece of evidence in the administrative record so long as he or she considers all of a claimant's medically determinable impairments and the opinion is supported by substantial evidence. *See* 20 C.F.R. § 404.1545(a)(2); *see also Thacker v. Comm'r of Soc. Sec.*, 99 Fed.Appx. 661, 665 (6th Cir. 2004). Substantial evidence can be "less than a preponderance," but must be adequate for a reasonable mind to accept the ALJ's conclusion. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citation omitted).

Plaintiff claims that the ALJ "too quickly, and inappropriately drill[ed] down to the fact that Dr. Brown was an internist, and not a mental health specialist" when assigning less than controlling weight to his opinions on her mental health. ECF Dkt. #11 at 10. Continuing, Plaintiff claims that the Sixth Circuit has "cautioned against the ALJ merging the two treating physician analyses into one." *Id.* at 10-11 (citing *Gayheart v. Comm'r of Soc. Sec.*, 7120 F.3d 365 (6th Cir. 2013)). Plaintiff avers that the Sixth Circuit has stated that an "ALJ must be careful not to assume that a patient's failure to receive mental health treatment evidences a tranquil state of mind" and that failure to seek treatment may also be a symptom of a mental disorder. *Id.* at 11 (citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009)).

-5-

Next, Plaintiff argues that the ALJ erred in skipping a review of the factors of supportability and consistency, as required by *Rogers*. ECF Dkt. #11 at 11. Plaintiff claims that a review of the record "shows distinct supportability and consistency for this treating physician opinion through the opinion offered by [Defendant's] own consultative psychologist, Dr. Joseph Konieczny, Ph.D." *Id.* Continuing, Plaintiff avers that Dr. Brown's opinion should not be rejected simply because the relative imprecision of the psychiatric methodology or the absence of substantial documentation unless there are other reasons to question the diagnostic techniques. *Id.* at 12. Plaintiff claims that other medical records support the limitations determined by Dr. Brown, citing records showing: feelings of depression "for a couple of years"; crying three times per week; and low intellectual functioning. *Id*. (citing Tr. at 20, 497). Further, Plaintiff asserts that the AJL failed to address all factors of the 20 C.F.R. § 404.1527(c)(2) analysis, namely, the nature of the treatment relationship and the length of the treatment. ECF Dkt. #11 at 12-13. Plaintiff then states:

> Here the ALJ implies a sparsity of treatment but failed to account for why the treatment did not occur, or specifically state why the treating physician's opinion was not supportable.

*Id.* at 13.

Defendant contends that the ALJ properly found that Dr. Brown's opinion was unsupported by the diagnostic medical evidence, inconsistent with the other medical and non-medical evidence, and provided by a physician that was not a mental health profession. ECF Dkt. #12 at 9. Continuing, Defendant notes that the ALJ twice indicated that Dr. Brown's opinion and diagnosis were unsupported, and stated that the opinion was inconsistent with the medical record as a whole. *Id.* Defendant asserts that Plaintiff did not point to any significant or relevant evidence when arguing that Dr. Brown's opinion should be assigned "great weight as it is supported and not inconsistent with the medical records." *Id.* (citing ECF Dkt. #11 at 9). Instead, according to Defendant, the ALJ provided well-supported reasons for discounting Dr. Brown's opinions, including the lack of narrative support, inconsistency, clear exaggeration, and lack of specialization. *Id.* Defendant asserts that there were good reasons for discounting Dr. Brown's opinion. *Id.*

Next, Defendant states that when citing evidence in support of Dr. Brown's opinion, Plaintiff omits significant portions of the reports from the consulting psychologists in an effort to suit her

-6-

own argument. ECF Dkt. #12 at 12 (citing ECF Dkt. #11 at 12). Defendant also notes that Dr. Brown's opinion was in the form of a checklist questionnaire and therefore lacked narrative support. *Id.* at 14. Additionally, Defendant asserts that *Gayheart* does not require an ALJ to repeat the same analysis twice when a treating physician's opinion is inconsistent and unsupported. ECF Dkt. #12 at 14.

Plaintiff's argument is without merit. First, Plaintiff claims that the ALJ violated the requirements of *Gayheart* by "merging the two treating physician analyses into one." ECF Dkt. #11 at 10-11. In the instant case, the ALJ provided a thorough recitation of the evidence regarding Plaintiff's mental impairments and then indicated that little weight was assigned to the opinion of Dr. Brown. Tr. at 19-20. When discussing Dr. Brown's opinion, the ALJ stated.

> Dr. Brown, an internist, was not a mental health specialist, and while his treatment records indicate a diagnosis of "depression," there is minimal narrative regarding the severity of her symptomology. The level of limitations he assessed are a clear exaggeration of her functioning, however, as there is not evidence that the claimant complained to this source of poor concentration or stress intolerance. Further, her wide range of daily activities and social functioning are significantly inconsistent with the "poor" abilities assessed by Dr. Brown in this checklist form.

*Id.* at 20-21 (internal citations omitted).

A treating physician's opinion must be assigned controlling weight if the ALJ finds that: (1) the opinion is well-supported by medically acceptable clinical and diagnostic techniques; and (2) not inconsistent with the other substantial evidence in the record. *Wilson*, 378 F.3d at 544. Here, the ALJ explained that Dr. Brown's opinion was inconsistent with other substantial evidence in this case insofar as: while Dr. Brown's treatment records indicated a diagnosis of depression, there was minimal narrative regarding the severity; Plaintiff's limitations were exaggerated and unsupported by evidence; and the assessed limitations were inconsistent with Plaintiff's activities of daily living.[3] Tr. at 21. Accordingly, the ALJ provided good reasons for assigning less than controlling weight to Dr. Brown's opinion. For these reasons, the ALJ assigned Dr. Brown's opinion little weight.

---

[3]The ALJ indicated that Plaintiff: reported limitations that were only physical in nature; denied any difficulty with self care and no such deficits were noted by treating and examining sources; managed her own finances; sought medical care on her own behalf; and continued to work after the alleged onset date, albeit not at levels reaching substantial gainful activity, showing a significant ability to adhere to a schedule and adapt to routines despite the emotional and cognitive effects of her impairments. Tr. at 21.

Plaintiff cites *Gayheart* for the proposition that the factors of 20 C.F.R. § 404.1527(c)(2) are properly applied only after the ALJ has determined that a treating-source opinion will not be assigned controlling weight.[4] ECF Dkt. #11 at 10-11. Continuing, Plaintiff contends that the ALJ conflated the "good reasons" analysis and the 20 C.F.R. § 404.1527(c)(2) analysis in violation of *Gayheart*. The undersigned disagrees. In *Gayheart*, the Sixth Circuit explained that the ALJ did not provide "good reasons" for assigning less than controlling weight because the ALJ only discussed the frequency and nature of the treatment relationship, and alleged internal inconsistencies in the treating physician's opinions and portions of that physician's reports. 710 F.3d at 376. As such, the Sixth Circuit found that the ALJ relied on the 20 C.F.R. § 404.1527(c)(2) analysis when assigning less than controlling weight rather than the "good reasons" analysis, which required the ALJ to explain how the opinion: (1) was not well-supported by medically acceptable clinical and diagnostic techniques; and/or (2) inconsistent with the other substantial evidence in the record. *Id.* Since the ALJ preempted the "good reasons" analysis by using the 20 C.F.R. § 404.1527(c)(2) analysis, the case was remanded.

In the instant case, the ALJ performed the "good reasons" analysis by explaining how Dr. Brown's opinion was inconsistent with the other substantial evidence in the record. The ALJ discussed the medical record regarding Plaintiff's mental impairments, including, but not limited to: reports of no depressive symptoms; normal psychiatric findings; her reports of "some bouts of depression"; good responses to psychiatric medication; noted tendencies towards exaggeration that caused discrepancies in rating her capacities; her report that her mood was a little depressed and her affect a little constricted; reports of mild depression and "feeling spaced out"; the finding that her ability to perform daily activities in an appropriate and timely fashion, interact with others, and care for her wants, needs, and demands of daily living were only mildly impacted by her mental

---

[4]The undersigned recognizes that both the "good reasons" and 20 C.F.R. § 404.1527(c)(2) analysis, as referred to herein, are set forth in 20 C.F.R. § 404.1527(c)(2). For consistency with the briefs filed by the parties, the "'good reasons' analysis" refers to the test set forth in 20 C.F.R. § 404.1527(c)(2) for determining if controlling weight must be assigned to the treating physician's opinion, and the "20 C.F.R. § 404.1527(c)(2) analysis" refers to the factors listed in 20 C.F.R. § 404.1527(c)(2)(i)-(6). The factors of 20 C.F.R. § 404.1527(c)(2)(i)-(6) are: the length and nature of the treatment relationship; supportability; consistency; specialization; and other relevant factors.

impairments; the finding that her capacities to understand, remember and carry out instructions were not significantly impaired; the finding that her ability to perform one- to three-step tasks for unskilled labor was not significantly impaired and was difficult to assess due to exaggeration; slight impairment in her ability to relate to co-workers, others, and family members; no indication of an inability to concentrate and attend to tasks; indications that Plaintiff was underperforming during cognitive testing based on her presentation during the examination and her reports regarding her adaptive functioning; and her ability to respond appropriately to normal situations. Tr. at 19-20 (internal citations omitted).

>Only after the consideration of this evidence did the ALJ state:

>The undersigned has considered new opinion evidence provided by treating source[] Dr. Brown... indicating "marked" or "extreme" limitations in many areas of work-related social functioning. The[] opinion[] [is] entitled to little weight.

Tr. at 20.[5] In this case, the ALJ did not only consider the factors of 20 C.F.R. § 404.1527(c)(2)-(6), but instead cited to an abundance of medical evidence that was inconsistent with Dr. Brown's opinion. The ALJ then found that "[Plaintiff's] wide range of daily activities and social functioning are significantly inconsistent with the 'poor' abilities Dr. Brown assessed in this checklist form." *Id.* at 21. This satisfies the "good reasons" requirement of the treating physician rule.

While it is true that the ALJ addressed the 20 C.F.R. § 404.1527(c)(2) analysis in the same paragraph as the "good reasons" analysis, *Gayheart* does not require a rigid presentation of each analysis, as suggested by Plaintiff. Instead, *Gayheart* requires that the ALJ provide "good reasons" for assigning less than controlling weight to the opinion of a treating physician, namely, that the opinion was not well-supported by acceptable techniques and/or was inconsistent with other substantial evidence. 710 F.3d at 376. The Sixth Circuit in *Gayheart* did not remand because the ALJ conflated the "good reasons" analysis and the 20 C.F.R. § 404.1527(c)(2) analysis, but rather because the ALJ did not provide "good reasons" for assigning less than controlling weight to the treating physicians opinion and instead relied solely on the factors contemplated in the 20 C.F.R.

---

[5]The ALJ made the findings regarding Dr. Brown's opinion at the same time the opinion of a second treating physician was discussed. Tr. at 20-21. Plaintiff does not take issue with the ALJ's treatment of the opinion of the other treating physician.

-9-

§ 404.1527(c)(2) analysis. *Gayheart*, 710 F.3d at 376. Further, in *Gayheart* the Sixth Circuit took issue with the treating physician's ambiguous findings when opining that the ALJ's failure to provide "good reasons" hindered a meaningful review of whether the ALJ properly applied the treating physician rule. *Id.* at 377. In the instant case, the ALJ was not ambiguous and provided a lengthy discussion of the medical evidence, as stated above, that contradicted Dr. Brown's opinion. *See* Tr. at 19-20.

Next, Plaintiff claims that the Sixth Circuit has explained that an ALJ must be careful not to assume that a claimant's failure to receive mental health treatment evidences the lack of mental impairments. ECF Dkt. #11 at 11. Plaintiff bears the burden of showing that she is disabled. *Moon*, 923 F.2d at 1181. While the undersigned recognizes Plaintiff's assertion that some mental impairments may cause the claimant to avoid medical treatment, she does not explain how her alleged mental impairments caused her to avoid treatment. Moreover, as discussed above, when Plaintiff did undergo psychological evaluations she displayed fairly mild mental impairments. *See* Tr. at 19-20.

Additionally, Plaintiff claims that the ALJ did not address the supportability and consistency of Dr. Brown's opinion with the opinion of Dr. Konieczny, the consultative psychologist. ECF Dkt. #11 at 11. A review of these opinions does not support Plaintiff's claim. For example, Dr. Brown noted that Plaintiff's ability to maintain attention and concentration for extended periods of two-hour segments was "poor." Tr. at 501. Dr. Konieczny stated that Plaintiff showed no significant limitations in the areas of attention and concentration. *Id.* at 497. Likewise, Dr. Brown indicated that Plaintiff's ability to deal with work stressors was "poor." *Id.* at 501. Dr. Konieczny noted that Plaintiff would have diminished coping skills in severe pressure situations, but that she was capable of responding appropriately to normal situations. *Id.* at 497. Plaintiff's characterization of similarities in these opinions requires a selective reading of the opinions and, therefore, is not well taken. The ALJ was not required to address the supportability and consistency of Dr. Brown's opinion with the opinion of Dr. Konieczny since the latter does not support, and is inconsistent with, Dr. Brown's opinion.

Next, Plaintiff claims that "[o]ther medical records also support the limitations of Dr. Brown," and points to the ALJ's decision where it was noted that Plaintiff reported feeling depressed for a couple of years and crying episodes three times per week. ECF Dkt. #11 at 12. The ALJ recognized these medical records in the decision and explained how the medical evidence as a whole did not support Dr. Brown's opinion, as discussed above. Plaintiff failed to explain how the ALJ's recognition of these two pieces of evidence supports remand in this case. Continuing, Plaintiff asserts that although treatment notes from Dr. Brown were scarce, the ALJ should not have overlooked the extensive treatment relationship he had with Plaintiff, and that doing so violated 20 C.F.R. § 404.1527(c)(2). ECF Dkt. #11 at 13. Plaintiff does not point to any evidence that the ALJ overlooked in the treatment history, but rather states:

> Here the ALJ implies a sparsity of treatment but failed to account for why the treatment did not occur, or specifically state why the treating physician's opinion was not supportable.

*Id.* at 13. Again, Plaintiff bears the burden of showing she was disabled. *Moon*, 923 F.2d at 1181. The ALJ was not obligated to determine why treatment did not occur. As for Plaintiff's contention that the ALJ did not specifically state why the treating physician's opinion was not supported, Plaintiff is simply wrong. As discussed above, the ALJ stated:

> Dr. Brown, an internist, was not a mental health specialist, and while his treatment records indicate a diagnosis of "depression," there is minimal narrative regarding the severity of her symptomology. The level of limitations he assessed are a clear exaggeration of her functioning, however, as there is not evidence that the claimant complained to this source of poor concentration or stress intolerance. Further, her wide range of daily activities and social functioning are significantly inconsistent with the "poor" abilities assessed by Dr. Brown in this checklist form.

Tr. at 20-21. Accordingly, Plaintiff has failed to establish that the ALJ violated the treating physician rule.

### B. **Substantial Evidence**

Plaintiff also asserts that the ALJ's RFC finding was not supported by substantial evidence. ECF Dkt. #11 at 14. Specifically, Plaintiff claims that the ALJ's determination that she was capable of performing light work was based on a selective reading of the record. *Id.* As examples, Plaintiff states: (1) the ALJ found only mild limitation in activities of daily living and social functioning because she was able to perform household chores and maintain her personal care; (2) she testified

-11-

at the hearing that she had been using assistive devices to ambulate; and (3) she testified at the hearing that she had "very limited exertional capabilities." *Id.* (citing Tr. at 21, 80-81, 782). Finally, Plaintiff avers that the her "rather minimal level of activities" was not indicative of the ability to perform full-time work. *Id.* at 16-17. Defendant contends that the ALJ supported the RFC finding with substantial evidence. ECF Dkt. #12.

The argument presented by Plaintiff fails. Plaintiff's assertion that the ALJ found only mild limitations in activities of daily living and social functioning because she was able to perform household chores and maintain her personal care is an improper characterization of the ALJ's decision. Regarding activities of daily living, the ALJ indicated that Plaintiff: reported limitations that were only physical in nature; denied any difficulty with self care and no such deficits were noted by treating and examining sources; managed her own finances; sought medical care on her own behalf; and continued to work after the alleged onset date, albeit not at levels reaching substantial gainful activity, showing a significant ability to adhere to a schedule and adapt to routines despite the emotional and cognitive effects of her impairments. Tr. at 21. As for social functioning, the ALJ found that Plaintiff had mild limitations, stating that she: was, for the most part, able to interact independently, appropriately, effectively, and on a sustained basis with others; denied problems interacting with co-workers or supervisors in the past; did not demonstrate any difficulties interacting with treating sources, generally presenting as cooperative and pleasant; did not have significant difficulties interacting with family members or the community; was able to shop in stores; regularly attended church; and was occasionally involved in social activities with friends. Tr. at 21. Despite Plaintiff's attempt to downplay the ALJ's findings regarding her activities of daily living and social functioning, it is clear form the record that the ALJ did not base these findings on a selective reading of the record.

Plaintiff's claim that the ALJ was selective in his reading of the record regarding her use of ambulatory devices ignores the portion of the decision in which the ALJ expressly addresses her use of ambulatory devices. Tr. at 24. Moreover, while asserting that the ALJ used the record selectively, Plaintiff totally ignores the ALJ's indication that treatment notes failed to show that she used crutches at all times when leaving her home, and several times in the records where it was

-12-

noted that Plaintiff's gait was normal without the use of an ambulatory device, including recent treatment notes from January 2015. *See* Tr. at 23-27. Plaintiff fails to show that the ALJ used the record selectively when discussing her use of ambulatory devices.

Next, Plaintiff asserts that the ALJ should have given more credence to her testimony regarding her "very limited exertional capabilities." ECF Dkt. #11 at 14. The ALJ considered Plaintiff's hearing testimony, and then explained that Plaintiff's statements were found not to be entirely credible. Tr. at 24. In support of the credibility finding, the ALJ noted the following: treatment records failed to corroborate Plaintiff's allegations that she used crutches at all time when leaving her home; records showing Plaintiff's gait was normal; notes from treating sources indicating that she was observed ambulating without an assistive device; records showing no evidence of swelling, instability, or loss of strength in Plaintiff's right leg; and the lack of treating source opinions that Plaintiff had any work-related physical limitations. Tr. at 23, 25-27 (internal citations omitted). The ALJ provided a number of reasons for finding that Plaintiff was less than entirely credible, and properly weighed her testimony with this consideration.

Finally, Plaintiff claims that her rather minimal level of activities, performed with some difficulty, is not necessarily indicative of an ability to perform substantial gainful activity for eight hours per day. ECF Dkt. #11 at 16-17. As discussed above, the ALJ did not find that Plaintiff could perform some minimal chores at home. *See* Tr. at 21. Rather, the ALJ determined that Plaintiff could, "for the most part, engage in activities of daily living in an appropriate and effective manner, on an independent and sustained basis.*" Id.* The ALJ did not find that Plaintiff only engaged in minimal levels of activities, but rather that she engaged a large number of activities of daily living and was generally able to live in an appropriate and effective manner, on an independent and sustained basis. *See id.* Plaintiff has failed to show that the ALJ erred when making this determination. Accordingly, the ALJ's decision is supported by substantial evidence and Plaintiff's argument fails.

## VI. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

Date: March 8, 2018  /s/George J. Limbert
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE